UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELINDA R.,**

    **Plaintiff,**

  v.

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

:

:

:

Case No. 2:23-cv-1090
Judge Sarah D. Morrison
Magistrate Judge Stephanie K. Bowman

## OPINION AND ORDER

Plaintiff brings this action under 42 U.S.C. §§ 405(g) and 1383(c) for review of a final decision by the Commissioner of Social Security denying her application for Social Security disability insurance and supplemental security income benefits. Plaintiff filed her Statement of Errors on July 10, 2023. (Statement of Errors, ECF No. 8.) On January 18, 2024, the Magistrate Judge issued a Report and Recommendation recommending that the Court overrule Plaintiff's statement of errors and affirm the Commissioner's denial of benefits. (R&R, ECF No. 11.) Plaintiff timely objected to the Magistrate Judge's Report and Recommendation (ECF No. 12) and the Commissioner filed a Response (ECF No. 13).

For the reasons below, the Court **OVERRULES** Plaintiff's objection, **ADOPTS in part** the Magistrate Judge's Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.  **BACKGROUND**

The Magistrate Judge accurately summarized the background of this case. Report and Recommendation Sections I. and II.B. are **ADOPTED** in full. Section II.C. is **ADOPTED** in every part except the final paragraph.

II. **STANDARD OF REVIEW**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

III. **ANALYSIS**

In her Statement of Errors, Plaintiff argued that the ALJ's decision should be reversed because, though the ALJ adopted the opinion of the State Agency Psychologist Mary Hill, Ph.D., she neither included Dr. Hill's limitation for superficial interaction with coworkers and supervisors in the RFC, nor explained whether or why that limitation was intentionally omitted. (*See generally*, Statement

of Errors.) The Magistrate Judge recommended that the contention of error be overruled and the Commissioner's decision denying benefits be affirmed. (*See generally*, R&R.) The conclusion was based on three different lines of reasoning: First, because "the definitions of 'superficial' and 'occasional' are not inconsistent in the specialized context of a vocational RFC finding." (R&R, 13 (emphasis omitted).) Second, because "the ALJ incorporated multiple 'qualitative' limitations that reasonably encompassed . . . Dr. Hill's 'superficial interaction' limitation.'" (*Id.*, 22.) And third, because she "f[ound] any error to have been harmless." (*Id.*, 24.) As to the second line of reasoning, the Court agrees.

The Court has carefully reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and was made pursuant to proper legal standards. In so doing, the Court **ADOPTS** only Section II.C.2. of the Report and Recommendation. Because the reasoning in this Section fully disposes of the case, the Court need not address Sections II.C.1.[1] or II.C.3.

## IV.    CONCLUSION

For the reasons above, the Court **OVERRULES** Plaintiff's Objection (ECF No. 12), **ADOPTS in part** the Magistrate Judge's Report and Recommendation

---

[1] The Undersigned appreciates the Magistrate Judge's thorough exploration of the apparent split within the district on the materiality of any distinction between "superficial" and "occasional" interaction with the public or other people in the context of light, unskilled work. Nevertheless, for reasons that are not necessary to the decision in this case, the Undersigned stands behind the reasoning articulated in *Hutton v. Comm'r of Soc. Sec.*, No. 2:20-cv-339, 2020 WL 3866855 (S.D. Ohio July 9, 2020) (Vascura, M.J.), R&R adopted at 2020 WL 4334920 (S.D. Ohio July 28, 2020) (Morrison, J.).

3

(ECF No. 11), and **AFFIRMS** the Commissioner's decision. The Clerk is **DIRECTED** to **TERMINATE** this case from the docket.

    **IT IS SO ORDERED.**

        /s/ Sarah D. Morrison
        **SARAH D. MORRISON**
        **UNITED STATES DISTRICT JUDGE**